IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15cr70 HSO:JCG

YEON SOOK HWANG

18 U.S.C. § 2421
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)

**The Grand Jury charges:**

COUNT 1

From in or about August 2012, and continuing through December 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **YEON SOOK HWANG**, aided and abetted by others known and unknown to the grand jury, did knowingly transport and cause to be transported, individuals, in interstate and foreign commerce from California, Georgia, New York, Colorado, North Carolina and Texas to Mississippi, with intent that the individuals engage in prostitution in violation of the laws of the State of Mississippi.

In violation of Sections 2421 and 2, Title 18, United States Code.

COUNT 2

From in or about August 2012, and continuing through December 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **YEON SOOK HWANG**, did knowingly combine, conspire, and agree with other persons known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, interstate transportation of individuals with the intent they engage in prostitution, with the intent to promote the carrying on of said specified unlawful activity, as prohibited by Title 18, United States Code, Section 1956(a)(1)(A)(i).

(b) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, interstate transportation of individuals with the intent they engage in prostitution, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, as prohibited by Title 18, United States Code, Section 1956(a)(1)(B)(i).

(c) To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, interstate transportation of individuals with the intent they engage in prostitution, knowing that the transactions were designed in whole or in part to avoid a reporting requirement, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, as prohibited by Title 18, United States Code, Section 1956(a)(1)(B)(ii).

The manner and means used to accomplish the objectives of the conspiracy included, among others, all of the acts described in Counts 3 through 6 of this indictment, fully incorporated herein.

In violation of Sections 1956(h) and 2, Title 18, United States Code.

## COUNTS 3-6

That on or about the below listed dates, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **YEON SOOK HWANG**, aided and abetted by others known and unknown to the grand jury, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, cash deposits, which involved the proceeds of a specified unlawful activity, that is interstate transportation of individuals with the intent that they engage in prostitution, knowing that the transactions were designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is funds, represented the proceeds of some form of unlawful activity, to wit:

| Count | Date | Amount | Bank |
| --- | --- | --- | --- |
| 3 | June 24, 2013 | $9,060.00 | Chase- M.J.S. |
| 4 | August 9, 2013 | $6,500.00 | Chase- J.Y.H. |
| 5 | September 5, 2013 | $9,600.00 | Chase- J.Y.H. |
| 6 | November 25, 2013 | $9,000.00 | Chase- J.Y.H. |

All in violation of Sections 1956(a)(1)(B)(i) and 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 982(a)(1), Title 18, United States Code and Section 2428, Title 18, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 6th day of OCTOBER, 2015.

UNITED STATES MAGISTRATE JUDGE